Brady, J.
The only exceptions in this case are to the-refusal of the court to dismiss the complaint at the close of the plaintiff’s case and again at the close of the testimony. There was no exception to the charge of the learned judge nor any requests to charge presented. In the course of it the learned judge said that the child was of such tender years as not to be responsible for its own acts, but never *77 theless the law was well settled that m cases of this character the burden of proof was upon the plaintiff to show that the parents of the child were not guilty of any negligence contributing to the production of the injury, and also that the accident was the result of the negligence of the defendant; that if the mother omitted to exercise such care in respect to the child as persons of ordinary prudence would exercise under the circumstances, the verdict must be for the defendant; and further, that if the jury found from all the evidence in the case that the mother was not guilty of a want of care and that the driver of the car could have avoided the accident by the exercise of proper care on his part, the verdict should be for the plaintiff.
The evidence in the case undoubtedly justified the conclusion that there was negligence on the part of the driver in the management of the car, and the question was—the plaintiff being non sui juris—whether there was any negligence on the part of the mother which would prevent a recovery. Under the circumstances disclosed it was undoubtedly proper and the rule is established by abundant authority, that that question should be submitted to the jury to be determined by them. Etherington v. P. P. C. and I. R. R. Co., 88 N. Y., 641; Pendergast v. N. Y. C. R. R., 58 id., 652; Mangam v. Brooklyn R. R. Co., 38 id., 455; Ihl v. Forty-second Street R. R. Co., 47 id., 317; Miller v. Woodhead, 22 N. Y. Weekly Dig., p. 58, opinion Brady, J.
The case of Pendergast v. N. Y C. R. R. Co. (supra) is similar to the one in hand. The infant in that case was two years of age and lived with its parents. The day of his death he was in the care of his mother at home. She was engaged in washing and the child was playing about the room. Having occasion to do so, she opened the outer door, which she left open. Upon her return the child was absent. She looked for him and found him lying upon one of the defendant’s tracks under an engine. The evidence showed that he had never been known to go out alone upon the railroad track, and had not shown in cold weather any disposition to go out of doors. The court held that a child of such tender years was clearly non sui juris, and his conduct, therefore, presented no bar to a recovery; and further, that the conduct of the mother was not, under the circumstances, negligence as matter of law, but the question of negligence was proper for the jury.
The case of Miller v. Woodhead, decided in this court, and reported in 22 Weekly Digest, page 58, is also analogous to the one at bar. And it was there held that in accordance with the spirit of all the cases bearing upon the subject lately reported, that the question of the negligence of the *78 custodian of the infant was one which must be submitted to the jury, unless such negligence clearly appears as matter of law.
As it was the duty of the judge to submit the question to the jury, neither of the exceptions was of any value, and. .the judgment must therefore be affirmed.
Daniels, J., concurs.